UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY MEDICAL CENTER, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-01796-RFB-BNW<br><br>**ORDER** |

## I.   INTRODUCTION

On September 30, 2024, this Court ordered Plaintiff Tyrone Nunn to file a single, signed complaint and either pay the full $405 filing fee or file a complete application to proceed *in forma pauperis* by November 29, 2024. (ECF No. 3). That deadline expired without a signed complaint, payment of the filing fee, a complete *in forma pauperis* application, or other response from Plaintiff.

## II. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the

1  public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
2  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
3  their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine
4  Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

5      The first two factors, the public's interest in expeditiously resolving this litigation and the
6  Court's interest in managing its docket, weigh in favor of dismissal of Nunn's claims. The third
7  factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of
8  injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court
9  or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
10 factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by
11 the factors favoring dismissal.

12     The fifth factor requires the Court to consider whether less drastic alternatives can be used
13 to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish
14 v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic
15 alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord
16 Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every
17 sanction short of dismissal before finally dismissing a case, but must explore possible and
18 meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because
19 this Court cannot operate without collecting reasonable fees, and litigation cannot progress without
20 a plaintiff's compliance with court orders, the only alternative is to enter a second order setting
21 another deadline. But repeating an ignored order often only delays the inevitable and further
22 squanders the Court's finite resources. The circumstances here do not indicate that this case will
23 be an exception. Setting another deadline is not a meaningful alternative given these
24 circumstances. So the fifth factor favors dismissal.

25     **III.**    **CONCLUSION**

26     Having thoroughly considered these dismissal factors, the Court finds that they weigh in
27 favor of dismissal. **IT IS THEREFORE ORDERED** that this action is dismissed without
28 prejudice based on Tyrone Nunn's failure to file a single, signed complaint and address the matter

of the filing fee in compliance with this Court's September 30, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Tyrone Nunn wishes to pursue his claims, he must file a single, signed complaint in a new case and address the matter of the filing fee.

**DATED:** March 5, 2025

                                                                         _____
                                                                         **RICHARD F. BOULWARE, II**
                                                                         **UNITED STATES DISTRICT JUDGE**